[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SPECIAL DEFENSE
This is a foreclosure action seeking foreclosure of the defendant's property in West Hartford.
The defendant has set forth a special defense in which he alleges that the original mortgagee violated the Federal Truth in Lending Act (U.S.C. § 1601 et seq.) by failing to provide the defendant with an accurate itemization of the amount financed and the requisite disclosures concerning interest rate and terms and conditions. These violations allegedly occurred at and prior to the closing.
The plaintiff seeks to strike the special defense on the ground that it is not a valid defense to a foreclosure action.
The plaintiff has cited several Superior Court decisions which have applied the traditional narrow view that a special defense must address, the making, validity or enforcement of the note in order to constitute a valid special defense. See NationalMortgage Co. v. McMahon, 9 C.S.R. 300 (March 28, 1994, Celotto, J.).
Recently, other Superior Court judges have expanded the scope of special defenses on equitable grounds in foreclosure cases. See Bank of New Haven v. Liner, Ansonia-Milford J.D. at New Haven CV-91-034516, (April 1, 199), (Curran, J.). This court concurs with those decisions.
The court must examine each special defense to determine whether it applies equitably to the allegations of the complaint. CT Page 12175 In this case, this court finds that this special defense is indeed, appropriate because a statute authorizes it. General Statutes § 36a-683 (h) embodies the Connecticut version of the Federal Truth-In-Lending Act (§ 36-393) et seq.) This section, in pertinent part, specifically permits ("does not bar") "a consumer then in default on the obligation from asserting a violation of said sections . . . as a defense or counterclaim to an action to collect amounts owed by the consumer brought by person liable under said sections."
Other Superior Court judges have similarly found this special defense appropriate pursuant to this statute. See also GE CapitalMortgage v. Klett, 1996 WL 106889 (Conn.Super. 1996) (Satter. J.) and Talman Home Federal Saving Loan Association v. Abate, 1994 WL 503 888 U (Connecticut Super. 1994) Aurigemma, J.).
The plaintiff's motion to strike the Special Defense is denied.
FREED, J.